## Chicago & Alton R. R. Co. v. George Stallings.

1. FELLOW-SERVANTS—*The Rule in This State.*—If one servant is injured by the negligence of another servant, where they are directly co-operating with each other in a particular business in the same line of employment, or their duties are such as to bring them into habitual

association, so that they may exercise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable.

2. SAME—*Tests of the Master's Liability.*—In the case of fellow-servants the tests of the master's liability are: First, where the servants are directly co-operating with each other in a particular business in the same line of employment, and second, where their duties are such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution.

3. SAME—*Not Necessary that Both Conditions Should Exist.*—It is not necessary that both these conditions exist, and for this reason, in defining fellow-servants it is error to couple them by a copulative conjunction. For the same reason it is error to instruct a jury that if the servants are not directly co-operating with each other in a particular business in the same line of employment, they are not fellow-servants.

Trespa-s on the Case, for personal injuries. Error to the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

Statement.—Appellant maintained a double track between Venice and Bridge Junction. Under the printed rules of the company, north bound trains were required to take the left hand track at Bridge Junction, and south bound trains the left hand track at Venice. Between these points in the Venice yards, and near these tracks, is a roundhouse at which the engines were put up after coming from work. From December, 1894, until August, 1897, appellee had worked at this roundhouse, but for four or five months prior to the time of his injury he had been fireman of the engine used by the day switching crew, which went on duty at seven o'clock in the morning and was due at the roundhouse at six o'clock in the evening. The night crew went on duty at six o'clock P. M. and performed the same duties, passed over the same tracks, and worked in the same yards that the day crew did. The night crew sometimes arrived at the East St. Louis yards before the day crew left there, and used the same switches and tracks the day crew did. Crawford was foreman of the night crew, and Munter of the day crew. They worked

with their respective crews. On the night of the accident, Munter, the foreman of appellee's crew, left it at about 5:30 p. m. and went to his home in Venice. Subsequently appellee's crew went from Venice to the East St. Louis yards to do some switching, and did not return until after six o'clock.

Crawford having seen Munter in the Venice yards, concluded the day crew was in, and thought it safe to take the right-hand track. The first work for his crew was to push some eighteen or twenty cars from the Venice to the East St. Louis yards, which they were doing on the right-hand track, instead of the left-hand track, as directed by the rules. At this time the day crew had finished its work in the East St. Louis yards, and were backing up, on the proper track, to Venice. The result was a collision, in which appellee was injured.

Travous, Warnock & Burroughs, attorneys for appellant.

Burton & Wheeler, attorneys for appellee; Millard & Smith, of counsel.

Mr. Justice Worthington delivered the opinion of the court.

One of the grounds upon which appellant denied liability was, that appellee and members of both switching crews were fellow-servants. This presented a question of fact to be decided by the jury, the court defining fellow-servants.

The first instruction given for appellee is as follows:

"If the jury believe from the evidence that the defendant is guilty of the acts of negligence charged in the declaration, and that the plaintiff was in the exercise of ordinary care for his own safety before and at the time of his injury, the defendant is liable and plaintiff is entitled to a verdict."

This instruction, in view of the defense that appellee and the members of the switching crews were fellow-servants, was misleading. It invaded the province of the jury. De-

fendant, through its servants, may have been guilty of the negligence charged, but if appellee, and the servants of defendant who were negligent, were fellow-servants, the defendant was not liable. In giving the instruction, the court in effect assumed that they were not fellow-servants. Joliet Steel Co. v. Shields, 134 Ill. 214.

The third instruction for appellee is also misleading. The latter part of the instruction is as follows:

"If the jury believe from the evidence that Crawford and his crew were not actually co-operating with the plaintiff and his crew at the time he was injured in the particular work in hand and in the same line of employment, or that their duties were not such as to bring them into habitual association, so that they might exercise a mutual influence upon each other promotive of proper caution, and that the plaintiff's injury resulted directly from negligently attempting to run the train in charge of Crawford's crew on the out-bound track, and thereby causing the collision with the engine upon which the plaintiff was firing at the time, and that the plaintiff was not guilty of negligence which contributed to his injury, the defendant is liable and the plaintiff is entitled to a verdict."

Instructions defining fellow-servants should be given to the jury with substantial accuracy. C. & N. W. Ry. Co. v. Moranda, 108 Ill. 582.

The rule defining fellow-servants is stated in C. & E. I. R. R. Co. v. Kneirim, 152 Ill. 466, as follows:

"The rule in this State is, that where one servant is injured by the negligence of another servant, where they are directly co-operating with each other in a particular business in the same line of employment, or their duties being such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable."

Referring to this rule as stated above, it is said in C. & A. R. R. Co. v. Swan, 176 Ill. 428:

"Two tests of the master's liability under that rule are assumed to exist: First, 'Where they are directly co-operating with each other in a particular business in the same

line of employment;' and second, 'where their duties are such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution.' As thus construed, the qualifying words, 'so that they may exercise a mutual influence upon each other promotive of proper caution,' have no application to the first, but are limited entirely to the second."

It will be seen by these quotations, that it is not necessary that both of these conditions should exist. For this reason, in defining fellow-servants, it would be error to couple both conditions by the copulative conjunction "and." It is sufficient if either of these conditions exist. For the same reason it would be error to instruct a jury that "if they are not directly co-operating with each other in a particular business in the same line of employment, they are not fellow-servants." For they might not be so co-operating and yet might come within the clause, "where their duties are such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution."

This error appears in appellee's third instruction.

By the use of the disjunctive "or" in the third instruction, both tests of what constitutes fellow-servants are not applied. This is clearly seen by putting the proposition as follows: If Crawford and his crew were not actually co-operating with the plaintiff and his crew at the time he was injured in the particular work in hand and in the same line of employment, they were not fellow-servants.

That such an instruction would be error is so palpable as not to require argument. It excludes the second test of habitual association.

Now this is exactly what is done by the use of the disjunctive "or" in the instruction as given. If "nor" had been used instead of "or" the law would have been correctly stated. The jury should have been told that if neither of these conditions existed, Crawford and his crew were not fellow-servants, instead of being told that if either one of the conditions did not exist, they were not fellow-servants.

The case is a close one, and while it may be that the jury were not misled by the instructions cited, we can not say that they were not misled. Judgment reversed and case remanded.